UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TAREK KURDY,**

        **Plaintiff,**

v.	Case No: 6:20-cv-2156-CEM-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his application for disability insurance benefits ("DIBs"), alleging March 16, 2013, as the disability onset date.[1] (Doc. 36 at 1.) In a decision dated April 20, 2020, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 18–35.) Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the joint memorandum (Doc. 36), and the applicable law. For the reasons stated herein, the undersigned respectfully recommends that the Commissioner's decision be reversed and remanded to the ALJ for further consideration.

---

[1] The parties note that Plaintiff had "a prior claim and he received an unfavorable decision on August 30, 2017, which Plaintiff did not appeal and was a final decision. . . . The ALJ declined to reopen Plaintiff's prior claim and applied *res judicata* for the period through August 30, 2017." (Doc. 36 at 1.) As such, the undersigned considers the relevant period as from August 31, 2017, through Plaintiff's filing of an application for DIBs on June 27, 2018.

## I. ISSUES ON APPEAL

Plaintiff raises the following issues on appeal:

1. Whether the ALJ posed a complete hypothetical question to the Vocational Expert ("VE").

2. Whether the ALJ's evaluation of treating source opinion evidence is supported by substantial evidence.

(*See* Doc. 36.)

## II. STANDARD

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. ANALYSIS

### A. Issue One: Whether the ALJ posed a complete hypothetical question to the VE.

During Plaintiff's administrative hearing, the ALJ posed the following hypothetical to the VE:

> For hypothetical one, please assume a person of the claimant's age, education and past work. Assume the person does not have any exertional limitations, but is limited as follows. The person would be restricted to simple, routine and repetitive tasks involving up to detailed, but uninvolved instructions that would be consistent with a reasoning level of 2. . . .

(Tr. 65–66.) In response to this hypothetical, the VE listed three different jobs in the national economy that Plaintiff could perform. (Tr. 66.) In a second hypothetical to the VE, the ALJ posited parameters that were identical to the first hypothetical, "but the mental limits are increased as follows. Limited to simple, routine, repetitive tasks involving simple one and two-step instructions that would be consistent with a reasoning level of 1." (*Id.*) The VE found that the three previously listed jobs were within that range. (Tr. 67.)

Plaintiff argues that the "RFC provided and the hypotheticals proposed by the ALJ at the hearing fail to adequately address the Plaintiff's deficits" in the functional area of concentration, persistence, and pace. (Doc. 36 at 12.) Plaintiff contends that, although the ALJ found Plaintiff had moderate limitation in concentration, persistence, and pace, the ALJ's "RFC assessment and hypothetical question to the VE contains no limitation regarding Plaintiff's ability . . ." (*Id.* at 11–12.) Plaintiff also notes that the non-examining State agency psychological consultants opined that Plaintiff "experiences sustained concentration and persistence limitations." (*Id.* at 12.) Defendant responds that the ALJ fully accounted for Plaintiff's moderate limitation in concentration, persistence, or pace by limiting hypotheticals to the VE to include only unskilled work. (Doc. 36 at 14.) Defendant notes that "when medical evidence

demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace . . . limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." (*Id.*) (quoting *Winschel*, 631 F.3d at 1180). Defendant also contends that the ALJ "fully accounted for his finding that Plaintiff had moderate limitations in concentration, persistence, or pace when he found the prior administrative medical findings of Nicholas Rios, Psy.D., and Sally Rowley, Psy.D., were persuasive." (*Id.* at 15.)

The burden shifts to the Commissioner at the fifth step of the sequential analysis for evaluating social security eligibility. At this step, "[t]he ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). This can be done by posing a hypothetical to the Vocational Expert that "'comprises all of the claimant's impairments.'" *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 871 (11th Cir. 2011) (quoting *Winschel*, 631 F.3d at 1180).

The ALJ's language limiting the first hypothetical to "simple, routine and repetitive tasks involving up to detailed, but uninvolved instructions" and the second hypothetical limiting to "simple, routine, repetitive tasks involving simple one and two-step instructions" adequately accounts for Plaintiff's limitation in concentration, persistence, or pace. (Tr. 65, 66.) In *Winschel*, the Eleventh Circuit stated that an ALJ might "adequately account for a claimant's limitations in concentration, persistence, and pace when the [hypothetical] questions otherwise implicitly account for these

limitations." *Winschel*, 631 F.3d at 1180–81. The Court in *Winschel* found that the ALJ committed a reversible error because the hypothetical did not "include or otherwise implicitly account for all of [the plaintiff's] impairments." *Id.* at 1181. However, here, the hypotheticals posed to the VE restricted Plaintiff to simple, routine, and repetitive tasks, which implicitly accounted for Plaintiff's moderate limitation. *See Jarrett*, 422 F. App'x at 872 (finding that a hypothetical restricting a claimant to "understand, remember, [and] carry-out simple . . . tasks" accounted for the plaintiff's moderate limitations in concentration, persistence and pace); *Rivera-Hernandez v. Comm'r of Soc. Sec.*, No. 6:12-cv-198-Orl-36GJK, 2013 WL 1104741, at *4 (M.D. Fla. Mar. 18, 2013) ("Accordingly, the ALJ was entitled to ask a hypothetical question which implicitly accounted for [the] [p]laintiff's limitation in maintaining concentration, persistence, and pace by restricting him to simple, routine tasks."); *Dawson v. Comm'r of Soc. Sec.*, No. 6:11-cv-1128-Orl-28KRS, 2012 WL 1624267, at *3 (M.D. Fla. May 9, 2012), *aff'd*, 528 F. App'x 975 (11th Cir. 2013) ("Despite [the plaintiff's] [mild] limitations in concentration, persistence, or pace, [the plaintiff] could perform simple, routine tasks. The ALJ sufficiently accounted for these limitations by restricting the hypothetical to 'jobs involving simple, routine, repetitive tasks with up to three-step commands.'"). Based on the foregoing, the undersigned finds that the ALJ adequately accounted for Plaintiff's moderate limitation by restricting the hypothetical to simple, routine, and repetitive tasks.

### B. Whether the ALJ's evaluation of treating source opinion evidence is supported by substantial evidence.

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly consider the opinions of treating sources Sandra Peace, Psy.D. ("Dr. Peace"); Kimberly Walker, LMHC-NCC ("Ms. Walker"); and Anastasia Bipap, LMHC ("Ms. Bipap"). (Doc. 36 at 17.) The undersigned finds the ALJ failed to properly evaluate the opinion of Ms. Bipap, and thus recommends the Court reverse and remand the case to the Commissioner.

#### i. *Opinion of Ms. Bipap*

Plaintiff argues that the ALJ did not properly evaluate the opinions of Ms. Walker and Ms. Bipap. (Doc. 36 at 23–25.) Specifically, while the ALJ listed reasons for finding Ms. Walker's opinion unpersuasive, with respect to the opinion of Ms. Bipap, the ALJ stated only, "The undersigned also found this opinion unpersuasive for the same reasons listed above." (Tr. 32.) Defendant responds that the ALJ properly "evaluated the persuasiveness" of both Ms. Walker and Ms. Bipap's opinions in finding that they "did not support their opinions with citations to objective findings nor did their examinations provide support for their opinions" and "were not consistent with the record." (Doc. 36 at 35–36.) However, Defendant, like the ALJ, improperly applies the analysis regarding Ms. Walker's opinion to that of Ms. Bipap, and thus fails to acknowledge the absence of any independent analysis.

Under the revised Social Security Administration regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[2] 4) specialization and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations

---

[2] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

*Id*. In sum, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record.

As noted above, with respect to Ms. Bipap's opinion, the ALJ stated: "Anastasia Bipap, a different therapist/counselor, similarly indicated marked to severe functional limitations (Exhibit 25F). The undersigned also found this opinion unpersuasive for the same reasons listed above." (Tr. 32.) That is the entirety of the ALJ's discussion of Ms. Bipap's opinion. Although Ms. Walker and Ms. Bipap are two separate medical sources who provided two separate opinions, the ALJ did not provide sufficient explanation as to why he found the opinion of Ms. Bipap unpersuasive. Instead of independently discussing Ms. Bipap's opinion and the reasons he found it unpersuasive, the ALJ, without differentiation, grouped her opinion with that of Ms. Walker. *See Daniel v. Comm'r of Soc. Sec.*, No. 6:19-cv-592-Orl-DCI, 2020 WL 13389826, at *6 (M.D. Fla. July 10, 2020) ("Regardless of the similarities—both in

terms of the form used and some of the conclusions—these are two separate medical sources who provided two separate medical opinions."). The undersigned "declines to find that the analysis of the opinions without differentiation is both proper and properly done here." *Id.*

The two-sentence explanation that the ALJ provides for finding the opinion unpersuasive is insufficient for the undersigned to be able to meaningfully review whether the ALJ's decision is supported by substantial evidence. *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."); *Flentroy-Tennant v. Astrue*, No. 3:07-cv-101-J-TEM, 2008 WL 876961, at *8 (M.D. Fla. Mar. 27, 2008) ("An ALJ is required to build an accurate and logical bridge from the evidence to his or her conclusion."). As such, the undersigned recommends that the Court reverse and remand the decision of the Commissioner.

### ii. Opinion of Dr. Peace

Additionally, on remand, the ALJ should provide a more fulsome discussion of Dr. Peace's medical opinion. Although the ALJ states that the opinion was "inconsistent with the mental status exam findings recorded by the psychological consultative examiners," the ALJ failed to identify what specifically in the opinion was inconsistent. (Tr. 33.) Given that the undersigned recommends reversal for the reasons discussed above, and on remand, the ALJ must reassess the entire record, the undersigned also recommends directing the Commissioner to fully explain any reasoning for finding Dr. Peace's opinion unpersuasive. *See Diorio v. Heckler*, 721 F.2d

726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

## IV.     RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court enter an order:

> 1. **DIRECTING** the Clerk of Court to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to conduct further proceedings consistent with the findings of this Report and Recommendation, specifically with regard to the opinions of Anastasia Bipap and Sandra Peace.
>
> 2. **DIRECTING** the Clerk of Court to enter judgment accordingly and **CLOSE** the file.

## **NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on June 27, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE